**CENTURY FOOD MARKETS CO., Plaintiff, v. NATIONWIDE MUTUAL INSURANCE CO. et al., Defendants.**

Common Pleas Court, Mahoning County.

No. 151528. Decided April 17, 1958.

George M. Jones, for plaintiff.
Pfau & Pfau, for defendants.

## OPINION

By FORD, J.

This is an action for a declaratory judgment brought by Century Food Markets Company against Nationwide Insurance Company and

Mike Stanish praying for a determination that Nationwide defend an action brought by Stanish against Century for personal injuries, Nationwide having at the time in force a policy of liability insurance covering Stanish's automobile.

Stanish had parked the automobile on Century's premises while he made purchases at the market. An employee of Century delivered the purchases to the automobile and while doing so Stanish sustained injuries to his hand claimed to be due to the employee's negligence in closing the automobile door. Century was protected by a policy of public liability insurance issued by the Manufacturers & Merchants Indemnity Company which covered the accident. Century gave prompt notice of the accident to Manufacturers whose represenatives handled the claim up to February 13, 1957, when Century, at Manufacturers instance, requested Nationwide to assume the defense, Century having learned of the Nationwide policy from Stanish's counsel.

In the Nationwide policy, the word "insured" is defined to include not only the named insured but any other person using the automobile with the permission of the named insured. The policy also contained the usual requirement of written notice to Nationwide as soon as practicable.

Nationwide defends on the grounds (1) of lack of notice as required by its policy and (2) no coverage.

The first defense is without merit. Whether notice as required by the policy was or was not given is a question of fact for the jury. The facts as stated in the agreed statement are not such that I can determine the question as one of law. Nationwide, if held to cover plaintiff's claim can raise the question of notice in the usual way if it should defend under a reservation of rights and a supplemental petition is filed under §3929.06 R. C.

The question of coverage has not been settled in the decided cases. In none of the authorities cited to support coverage by the Nationwide policy was the one seeking recovery the named insured under the policy; on the other hand, three of the authorities cited as against coverage all depend upon the language of a Massachusetts Statute. The fourth case is in point. It is a trial court decision, Johnson v. Employee's Liability Assurance Corp., 285 N. Y. S. 574.

To say the least, for a named assured to make claim under a policy issued to protect him, on the ground that it covers the liability of another using the car by loading it with his permission is inconsistent with the position of the named assured for whose protection the policy was primarily issued; especially since action was taken against Nationwide at the instance of a representative of Manufacturers which covered the public liability of Century to Stanish.

The issue is, however, unnecessary to decide. The petition prays for an order declaring that Nationwide should take over and defend the action by Stanish against Century. Even if Nationwide were held to have covered the accident, it was also covered by the policy to Manufacturers. The provisions in the latter's policy relating to other insurance merely concern the sharing of liability. An obligation to defend is still upon Manufacturers. I, therefore, decline to make a determination

which in effect would throw the entire burden of defense upon Nation-wide.

The petition for a declaratory judgment is dismissed at plaintiff's costs.